FRANK PHILLIPS, JR. v. MR. AND MRS. DAVE WISE

No. 7024SC608

(Filed 18 November 1970)

Ejectment § 10— ejectment to try title — sufficiency of findings and evidence

 In plaintiff's action to recover possession of real property, wherein defendants stipulated record title in plaintiff and attempted to establish title in themselves by adverse possession, the trial judge's findings and conclusion that the plaintiff is the owner and is entitled to the realty described in the complaint, *held* supported by competent evidence.

APPEAL by defendant from *McLean, J.,* May 1970 Session of AVERY Superior Court.

This is an action to recover possession of real property. Plaintiff alleged he became owner of record in fee simple on 26 November 1965, that since said date defendants have occupied the premises as his tenants at will, and that defendants have been given reasonable notice to vacate but have refused to do so. Defendants filed answer alleging title in themselves by adverse possession. The parties waived jury trial and agreed the court might hear the evidence and determine the facts. They

Phillips v. Wise

also stipulated as to prior ownerships and recorded deeds, including a stipulation that plaintiff holds the record title to the lands described in the complaint by virtue of deed from John L. Phillips, Executor and Trustee of the Last Will and Testament of Willard Lindsey Phillips, which deed is of record in Book 54 of Deeds at Page 571, Avery County Registry.

From the stipulations of the parties and evidence offered, the trial court entered judgment making detailed findings of fact as to the recorded deeds by which plaintiff derived title and finding as a fact that defendants had occupied a portion of the lands permissively as tenants of Willard Lindsey Phillips, plaintiff's predecessor in title, from 1947 until his death in 1962. Based on these findings of fact, the court concluded as a matter of law that any occupancy of the lands by defendants prior to 1962 was permissive as tenants of Willard Lindsey Phillips and not adverse, that defendants are presently estopped to deny the title of Willard Lindsey Phillips or his heirs and assigns, and that plaintiff is the owner and entitled to the possession of the lands described in the complaint. From judgment in accord with these conclusions, defendants appealed.

*Pritchard & Hise, by Lloyd Hise, Jr., for plaintiff appellee.*

*Kelly Johnson, I. C. Crawford & Robert H. Lacy, by Kelly Johnson for defendant appellants.*

PARKER, Judge.

Defendants stipulated plaintiff holds record title and attempted to establish title in themselves by adverse possession. The trial judge, as the agreed trier of the facts, has found the facts contrary to defendants' contentions. His findings of fact are supported by competent evidence and the facts found support his conclusions of law. The conclusions of law in turn support the judgment. In the trial we find no error and the judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge GRAHAM concur.